UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK TELLO, et al,

Plaintiffs,

v. CASE NO: 8:02-cv-2115-T-23SDM

DEAN WITTER REYNOLDS, INC., et. al.,

Defendants.
__________________________________/

**ORDER**

This case recurs in the district court after the remand in Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275 (11th Cir. 2005).

BACKGROUND

The plaintiffs sue the defendants for securities fraud arising from allegedly unsuitable and unauthorized stock transactions from January 1, 1998, to August 19, 1998 (Doc. 1 at ¶ 13). The plaintiffs filed their class action complaint for securities fraud on November 15, 2002 (Doc. 1). Moving to dismiss the complaint (Docs. 16, 18, 23), the defendants claim that the repose provision of 15 U.S.C. § 78i(e) barred the plaintiffs' claims on August 20, 2001, three years after the last alleged violation. In response, the plaintiffs insist that the Sarbanes-Oxley Act, 28 U.S.C. § 1658(b) ("Sarbanes-Oxley"), effective July 30, 2002, revives their previously barred claims.

Concluding that Sarbanes-Oxley revives the plaintiffs' barred claims, United States District Judge Richard Lazzara denied (Doc. 31) the defendants' motions to

dismiss. Pursuant to 28 U.S.C. § 1292(b), the defendants asked Judge Lazzara to certify an interlocutory appeal of his order denying their motions to dismiss. Under 28 U.S.C. § 1292(b), Judge Lazzara certified as a controlling question of law "whether time-barred claims are revived by [Sarbanes-Oxley]" (Doc. 31 at 8). The circuit court directs the district court on remand to determine "the date that the plaintiff class had sufficient factual information of their financial losses being the result of fraudulent conduct by Dean Witter to constitute inquiry notice to enable the class-action to be filed in this case."[1] Tello, 410 F.3d at 1295.

DISCUSSION

This remand to the district court results in an unusual event: a proceeding to determine a fact that the circuit court finds dispositive of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure (the disposition of which, to say the least,

[1] In accordance with the limited remand by the circuit court, the district court's implementing order on September 21, 2005, provided:

> The parties will conduct limited discovery on or before November 18, 2005, to determine facts necessary to establish whether and when the plaintiff class had sufficient inquiry notice to file the class-action complaint. On or before December 9, 2005, each party will submit briefs on the limited remand issue. The parties will appear for an evidentiary hearing and oral argument on the limited remand issue on December 19, 2005 at 9:00 a.m. before the Honorable Steven D. Merryday in courtroom 15A, United States Courthouse, 801 North Florida Ave., Tampa. This case is otherwise stayed pursuant to the court's May 23, 2003, order (Doc. 45) pending the disposition of the limited remand issue by the Eleventh Circuit Court of Appeals.

(Doc. 57). In compliance, the parties submitted memoranda accompanied by thirty-two exhibits comprising hundreds of pages of deposition, newspaper and magazine stories, business journal articles, online message-board postings, newspaper and magazine circulation data, annual corporate reports, and pertinent stock transactions--all of which the parties supplemented at the December 19 hearing by two hours of vigorous oral argument. Neither party elected to present testimony at the hearing.

normally involves no judicial fact finding). Because the circuit court acknowledges that resolving a disputed issue of inquiry notice is within the exclusive province of a jury[2] and because the plaintiffs in this case have demanded and perfected their right to a jury trial,[3] the district court interprets the circuit court's mandate to require a determination whether, without improperly invading the province of the jury (that is, without resolving a "genuine issue of material fact"), the district court can identify the moment at which the plaintiffs were on "inquiry notice" of the alleged, actionable fraud. After affording the parties a full hearing on the inquiry notice question, the district court finds no such moment.[4] Unsurprisingly, the plaintiffs' theory places inquiry notice on October 1, 2002, after the effective date of Sarbanes-Oxley (Doc. 60). Equally unsurprisingly, the defendants' theory places inquiry notice on or before August 14, 2000 (Doc. 58). (Of course, the statute of repose barred the plaintiffs' action on August 20, 2001,

---

[2] "The determination of when inquiry notice occurs and how much investigation is reasonable for filing suit are necessarily fact-specific to each case. Accordingly, we have recognized that 'questions of notice and due diligence are particularly suited for a jury's consideration.'" Tello, 410 F.3d at 1284 (quoting Kennedy v. Tallant, 710 F.2d 711, 716 (11th Cir. 1983). "'Whether a plaintiff had sufficient facts to place him on inquiry notice of a claim for securities fraud . . . is a question of fact, and as such is often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6).'" Tello, 410 F.3d at 1283 (citing La Grasta v. First Union Secs., Inc., 358 F.3d 840, 848 (11th Cir. 2004) (quoting Marks v. CDW Computer Cntrs., Inc., 122 F.3d 363, 367 (7th Cir. 1997)). The circuit court leaves unclear both why the issue of "inquiry notice" might be resolvable by the district court *without a jury* and why resolution of a motion to dismiss pursuant to Rule 12(b)(6) requires an evidentiary hearing. The district court is unaware of any precedent except this case for that procedure.

[3] The right to a jury trial "shall be preserved to the parties inviolate" pursuant to Rule 38, Federal Rules of Civil Procedure.

[4] The circuit court anticipated this result. "Indeed, the district judge on remand may decide that he is unable to determine the date that we seek as to when [the plaintiffs] had sufficient notice of Dean Witter's conduct with respect to e-Net stock to file a complaint on behalf of the class members without full discovery." Tello, 410 F.3d at 1291 n.17.

irrespective of inquiry notice). The parties' irreconcilable versions of the pertinent history present genuine issues of material fact resolvable only by a jury.

However, irrespective of inquiry notice, the parties dispute neither that the alleged fraud ended on August 19, 1998, nor that the plaintiffs' cause of action "expired" on August 20, 2001, perforce the three-year statute of repose provided in 15 U.S.C. § 78i(e). Sarbanes-Oxley took effect on July 30, 2002. The plaintiffs filed this action on November 15, 2002. Under the express terms of Sarbanes-Oxley, all actions filed after July 30, 2002, are governed by the new statute of limitations. Because under the predecessor statute of repose this action unquestionably was time-barred before the effective date of Sarbanes-Oxley[5] and because Sarbanes-Oxley purports to govern this action, filed on November 15, 2002, the only pertinent question (certified by Judge Lazzara) is whether Sarbanes-Oxley lawfully revives the plaintiffs' previously barred claims–irrespective of the state of the plaintiffs' inquiry notice. As of today, four circuit courts hold (and no circuit court holds to the contrary) that Sarbanes-Oxley fails to revive a claim barred on July 30, 2002, the effective date of Sarbanes-Oxley. In re: ADC Telecomm., Inc. Securities Litigation, 409 F.3d 974 (8th Cir. 2005); Glaser v. Enzo Biochem, Inc., 126 Fed. Appx. 593 (4th Cir. 2005); Foss v. Bear, Stearns, & Co., 394

---

[5] "Because the class-action complaint, filed on November 15, 2002, alleges applicable securities fraud violations that occurred from January through August 19, 1998, the two-part conjunctive test for that statute of limitations [15 U.S.C. § 78i(e)] was not met, and the class action would have been untimely under the formerly applicable statute. *This would be true even if discovery of the facts evidencing the securities violation occurred outside the three-year period from occurrence of the violative conduct*." Tello, 410 F.3d at 1278 (emphasis added). The United States Supreme Court agrees that the purpose of the repose provision of 15 U.S.C. § 78i(e) "is clearly to serve as a cutoff" and that "equitable tolling principles do not apply." Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991). See also, Franze v. Equitable Assurance, 296 F.3d 1250, 1254 (11th Cir. 2002); Theoharous v. Fong, 256 F.3d 1219, 1228 (11th Cir. 2001).

F.3d 540 (7th Cir. 2005); In re: Enterprise Mortgage Acceptance Co. Securities Litigation, 391 F.3d 401 (2d Cir. 2005).

ORDERED in Tampa, Florida, on January 25, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE